## GAMALIEL WASHBURN *v.* CURTIS PHELPS.

*Bail. Privilege from Arrest. Waiver.*

When a party privileged from arrest, is arrested, he may, within the discretion of the court where the suit is pending, either against the principal or the bail, plead his privilege, and enter an *exoneratur* on the bail bond, or discharge the bail on his own motion.

When the *exoneratur* is entered on the bail bond, or the bail is discharged, it is conclusive upon the parties and all interested.

Giving bail is not a waiver of the privilege from arrest.

THIS CASE having been argued, at the April term, by *Mr. Sumner* for the plaintiff, and *Mr. Colby* for the defendant, was held under advisement, until the circuit session, at Montpelier, in October, when the opinion, in which the facts sufficiently appear, was delivered by

REDFIELD, J. This is a *scire facias* against the defendant, as bail for one Sanford Kinney, in a suit brought originally in a justice's court, by the present plaintiff against Kinney. Kinney not being an inhabitant of the state, was sued by arresting his body, and requiring special bail. The arrest was made while Kinney was attending court, as a witness, and was privileged from arrest.

At the return day of the writ before the justice, Kinney, interposed an *exoneratur* on the bail bond, in favor of the present defendant, which motion was overruled by the justice, and the case went into the county court, by appeal. The motion was renewed before the county court, and that court allowed the motion, and ordered the *exoneratur* entered. To this decision the present plaintiff filed exceptions, and removed the case into this court, where the exceptions were dismissed, on the ground that if the county court had any power to entertain the motion, their decision, resting in discretion, must be conclusive, both of the fact and the law, as between the same parties, and the actual entry of the *exoneratur*, placed the question beyond the revision of this court; and if they had no jurisdiction of the question, their decision was merely nugatory, and required no reversal.

Thereupon the plaintiff brought the present suit, and the de-

fendant pleads in bar of the *scire facias* the facts above stated.

It is now claimed on the part of the plaintiff, that the county court had no authority to entertain the motion for an *exoneratur.*

It has been regarded as settled law in this state, until the recent statute, that a mere privilege from arrest could not be pleaded in abatement of a suit, brought in violation of such privilege. And the courts have often shown themselves somewhat astute, in devising grounds upon which to presume a waiver of the privilege from arrest, by giving bail, or in some other mode. But it is not esteemed any good ground for presuming a waiver of privilege from arrest, because the person takes the ordinary and most expeditious mode of freeing himself from arrest.

He may, notwithstanding, bring an action of false imprisonment, or case, or may seek redress in such other modes as the law affords. And it is very evident, that the English courts of common law do interfere, at all stages in the proceedings, to relieve the bail. 3 Petersdorff's Ab. 74, where it is said, "If the ex- "emption be satisfactorily established, the proceedings upon the "bond will be set aside." The case of *Haliday* v. *Colo. Pitt,* 2 Strange 985 ; S. C. Comyn R. 444, satisfactorily established the rule, that under the English statute of exemption from arrest, if the case is clear of all doubt, the court will discharge on motion, founded on affidavits. And if doubts exist in regard to the fact, or right of exemption, the party is turned over to his remedy, by writ of privilege. The case of *Chester* v. *Upsdale,* 1 Wilson R. 278, recognizes the same rule, but that case was held too doubtful to justify a discharge on motion.

So, too, the case of *Bartlett* v. *Hobbs,* 5 T. R. 689. And the same is again held in *Spencer* v. *Stuart,* 2 East R. 89. And in *Luntly* v. *Battine,* 2 B. & A. 234, precisely the same general rule is declared by ABBOTT, C. J., and the former case reviewed and approved.

We can, therefore, entertain no doubt, that the matter is regarded as coming fairly within the general discretion of the court, when the suit is pending, either against the principal, or the bail, to enter an *exoneratur* on the bail bond, or discharge the bail on his own motion. And when the thing is done, it is conclusive upon the parties, and all interested.

Judgment that the plea is sufficient, and that the defendant recover his costs.