## Hamilton v. Millhouse.

1. **Jurisdiction:** JUSTICE OF THE PEACE. A justice of the peace cannot acquire jurisdiction in an action for the recovery of money against a resident of another county, even though the party may have been served with notice in the township where the action is commenced.

*Appeal from Washington Circuit Court.*

TUESDAY, JUNE 5.

THIS is an action of replevin, commenced before a justice of the peace. Judgment was entered for the plaintiff. Defendant appealed to the Circuit Court. In that court the cause was submitted upon an agreed statement as follows:

"1. Defendant commenced suit before a justice of the peace in Lafayette township, Keokuk county, Iowa, on an account against W. S. Hamilton, this plaintiff; the plaintiff, Hamilton, was, at the time of the commencement of the suit, a resident of Washington county, Iowa. Service of the original notice was made on said W. S. Hamilton in Lafayette township, Keokuk county, Iowa, personally, and more than five and less than fifteen days prior to the day of trial. Said Hamilton made no appearance, and the said Millhouse proved up his account and recovered judgment before said justice for not to exceed fifteen dollars, and about that amount.

"2. After the recovery of said judgment, a transcript of the

same was filed in the office of the clerk of Keokuk county, Iowa, and execution regularly issued to the sheriff of Washington county, Iowa, and placed in the hands of A. Bunker, deputy sheriff. Said A. Bunker, as deputy sheriff, levied said execution on the property replevied, to-wit: three ricks of hay described in the petition. The suit was commenced and judgment rendered in the year 1874.

" 3. Hamilton had never been a resident of Keokuk county, but was, and had been, a resident of Washington county for more than twenty years past.

" 4. The property levied on was worth the sum stated in the petition. The hay levied on was removed from Hamilton's premises, but was left intact. Hamilton's attorney fees were reasonably worth seven dollars."

The court rendered judgment for the plaintiff for the possession of the property and for costs. The defendant appeals.

*McJunkin, Henderson & Jones*, for appellant.

*Isaac Farley*, for appellee.

DAY, CH. J.—The only question presented is, whether the judgment of the Keokuk county justice of the peace is void 1. JURISDIC- for want of jurisdiction. Section 3507 of the Code TION: justice of the peace. provides that jurisdiction of justices of the peace does not embrace suits for the recovery of money against actual residents of any other county. The agreed statement upon which the cause was submitted shows that the plaintiff in this action at the time of the rendition of the judgment against him was an actual resident of Washington county, whilst the judgment against him was rendered in Keokuk county.

Appellant insists that, as the notice was duly served on Hamilton in Keokuk county, the justice upon the face of the notice acquired jurisdiction, and that Hamilton should have appeared and pleaded the want of jurisdiction. But this construction would deprive a party of any practical benefit of the provision denying jurisdiction to justices of the peace in actions against residents of other counties. In many cases it would be cheaper to suffer judgment to go by default, than to travel

to a remote part of the State to interpose the defense of a want of jurisdiction. It would be exceedingly inconvenient if a party traveling through the State may be sued in any township at which a railroad train stops long enough for service of notice to be made, and can only interpose the fact of want of jurisdiction by employing counsel to represent him or appearing personally.

In *Boyer v. Moore*, 42 Iowa, 544, it was held that, under section 3507 of the Code, a justice of the peace lacks jurisdiction over the subject-matter when the defendant is an actual resident of a county other than that in which the action is brought, and that appearance, even, does not confer jurisdiction. That case would seem to be decisive of the present one.

We think the court did not err in holding the judgment void.

AFFIRMED.