JASON G. MILLER, PLAINTIFF, v. REUBEN W. HYERS ET AL., DEFENDANTS IN ERROR.

Execution: STAY OF, WAIVER OF ERROR. J. L. obtained a judgment of foreclosure, etc., v. J. G. M. and M. P. M. They within the time limited by statute filed a written request for a stay of execution, which was duly entered. After the expiration of the stay, an order of sale issued and was placed in the hands of R. W. H., sheriff, for execution. Whereupon J. G. M. commenced an action, and obtained an injunction against J. L. and R. W., sheriff, setting up usury in the note and mortgage, and that he was hindered by excusable mistake, unavoidable accident, etc., from making said defense to the original suit. *Held*, on error to this court, that by taking the stay, J. G. M. waived any error in the proceedings, and was estopped to attack such judgment in any way.

ERROR to the district court for Cass county. Tried below before POUND, J.

*R. B. Windham,* for plaintiff in error.

*Sam. M. Chapman,* for defendant in error.

Cobb, J.

The defendant in error, Jacob Lefever, obtained a judgment of foreclosure of a mortgage against the plaintiff in error, J. G. Miller, and Mary P. Miller, his wife, at the April term, 1879, of the Cass county district court, to-wit, May 2, 1879. On the 13th day of the same month, the said J. G. Miller and Mary P. Miller filed in the office of the clerk of said court their written request for stay, which was duly allowed and entered. After the expiration of the stay, the plaintiff in that case, Lefever, caused an order of sale to issue, and placed it in the hands of the defendant in error, Reuben W. Hyers, as sheriff of said county for execution. Hyers proceeded as directed by said order of sale to advertise the mortgaged premises for sale on the 8th day of June, 1880.

On the 3d day of June, 1880, the plaintiff in error commenced his action, and obtained an injunction restraining the defendants in error from proceeding with the said sale. The defendants in error answered, denying the several matters set up by the plaintiff as ground for the said injunction; and also setting up the fact of the entry of the stay by the said plaintiff as hereinbefore stated.

Upon the hearing, the district court dissolved the injunction and dismissed the plaintiff's suit, to reverse which judgment he brings the case to this court on error.

There is no brief filed by either party, nor has the attention of the court been called in any way to the particular point or points upon which the plaintiff in

error relies for a reversal of the judgment of the district court.

I will therefore only notice the point which suggests itself as standing in the way of the examination of the case upon its merits, were they ever so well presented.

The statute, sec. 5, of an act approved February 23, 1875, p. 50, laws of 1875, provides that no proceedings in error or appeal shall be allowed after a stay has been taken. While this provision does not in terms prohibit the bringing of an independent action for relief by injunction or otherwise, from the erroneous proceedings of the court in rendering such stayed judgment, yet I think that most if not all the reasons which support the letter of the statute would apply to a case like the one at bar, where a party, after availing himself of a stay of proceedings upon a judgment against him under the statute, seeks by an independent action and injunction to urge a defense to the original suit. I think that when a party avails himself of the statutory stay of judgment he is estopped to attack such judgment in any manner.

The judgment of the district court is affirmed, and the injunction and cause dismissed.

JUDGMENT ACCORDINGLY.