SULLIVAN SAVINGS INSTITUTION, APPELLEE, v. C. M. CLARK, APPELLANT.

1. Practice: JUDGE'S MINUTES: JUDGMENT. The judge's minutes, as to entries made on the trial docket, are *prima facie* evidence of the proceedings in a case, but may be shown to differ from the judgment actually rendered. And the court cannot be compelled to correct its journal from such minutes.

2. Stay of Execution. After a party has applied for and obtained stay of order of sale, he cannot have the judgment reviewed on error or appeal.

APPEAL from Seward county.    Tried below before POST, J.

*M. H. Sessions,* for appellant.

*Norval Brothers,* for appellee.

MAXWELL, J.

This is an action to foreclose a mortgage.    It is alleged in the petition "that the said defendant, Cornelius M. Clark, heretofore, to-wit, on the 27th day of April, 1874, made, executed, and delivered to this plaintiff his one certain promissory note in writing at that date for the sum of five hundred dollars, payable April 27th, 1877," with interest at 10 per cent.    It is also alleged that this defendant paid $250.00 Nov. 5th, 1878, and $20.30 Nov. 13th, 1878, on said note, and that there is still due thereon the sum of $156.50 with interest at 10 per cent. from the 13th day of November, 1878.    The answer is a plea

·of usury, and that the defendant only received the sum of $425.00 while giving his note and mortgage for $500.00, with interest.

On the hearing of the case the court below found, in substance, that Farwell, who made the loan to the defendant, was the agent of the plaintiff, and that he loaned the defendant only the sum of $425.00, and that there is usury in the transaction, and rendered a decree of foreclosure and sale in favor of the plaintiff, for the ·sum of $146.70, and in favor of the defendant for the costs of the action. The decree was rendered May 4th, 1881, and on the 7th day of that month, the defendant filed a request for, and obtained a stay of order of sale ·for the period of nine months. In November, 1881, he filed a motion to amend and correct the judgment record by allowing the defendant $150.00 in addition to the sum allowed him in the decree. The motion was overruled, to which the defendant excepted, and now assigns the same for error.

The error complained of is, that the court did not correct the decree from the entry made by the judge on the trial docket at the time the decree was rendered, from which it appears that there was no finding as to the amount due the plaintiff. There is no complaint that the amount of the decree is too large, or greater than the amount actually owing by the defendant to the plaintiff; but relief is sought on the sole ground that as there was no entry on the trial docket of the amount due to plaintiff therefore there was no authority to enter a decree for any amount whatever. This proposition is untenable. The judge's notes on the trial docket are merely memoranda of the proceedings of the court for the convenience of the court and clerk. And as to the entries made, while *prima facie* evidence of the proceedings of the court in a case, may be shown to differ from the judgment actually rendered. The judgment actually rendered is

spread at length on the journal of the court, and we know of no rule that would compel a court to enter a judgment different from that actually rendered simply because of a defect or omission in his notes of the trial on the docket.

We have discussed the question upon the theory that the defendant was entitled to a review of the case in this court. But sec. 5, of the act "to provide for stay of executions and orders of sale" approved Feb. 23rd, 1875, provides that, "no proceedings in error or appeal shall be allowed after such stay has been taken," etc. Laws of 1875, 50 [Comp. Stat., 590]. There is reason in this, as a party, by asking an extension of the time of payment, virtually admits the correctness of the obligation. There is no error in the record, and the judgment is affirmed.

                                            JUDGMENT AFFIRMED.