IRA A. PEARSON, PLAINTIFF IN ERROR, v. THE KANSAS MANUFACTURING CO., DEFENDANT IN ERROR.

1. **Practice:** JURISDICTION IN PERSONAL ACTIONS: SERVICE OF SUMMONS. An action against the maker and several endorsers of a promissory note may be brought in any county where any one of the parties defendant resides, or may be summoned. And when so brought, the court is authorized to issue its summons to any other county in this state, for service upon any of the parties found there, and by such service acquires jurisdiction of the persons so served, although it may be afterwards ascertained that the defendant summoned in the county where the action is pending, is not liable as indorser, but only as guarantor.

2. **Jurisdiction given by appeal.** An appeal from a judgment in a personal action gives the appellate court jurisdiction of the appellant regardless of whether the lower court had acquired jurisdiction over him or not.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown & Ryan Brothers,* for plaintiff in error.

*W. J. Lamb,* for defendant in error.

LAKE, CH. J.

This is a proceeding in error to reverse a judgment of the district court for Lancaster county. The action originated in the county court of said county, and was brought by the defendant in error against W. F. Sherman, as maker, and three other persons, including the plaintiff in error, as endorsers of several promissory notes. Of these defendants, one only, C. C. Pace, was found and summoned in Lancaster county. The plaintiff in error was found and served in Jefferson county in this state, whither a summons was sent for that purpose. In obedience to the command of the writ, Pearson appeared, and a trial was had resulting in a judgment against him, from which he duly appealed to the district court, where a like result was reached.

The only ground of alleged error, and on which it is now sought to have the judgment of the district court reversed, is, that the county court, by the service of its summons in Jefferson county, acquired no jurisdiction over the person of the plaintiff in error. And this ground is taken upon the assumption, simply, that the defendant Pace, who alone was served with the summons in Lancaster county, although sued as endorser, was in reality liable only as guarantor, and therefore improperly joined as a defendant in that action. The argument of the counsel for the plaintiff in error amounts simply to this, that inasmuch as Pace, although nominally an endorser on the notes, was really liable only in the capacity of a guarantor, and therefore, under the rule announced in the case of *Mowery v. Mast,* 9 Neb., 445, not liable to be proceeded against jointly with

the maker and endorsers, if he objected, the action was not properly brought in Lancaster county, and therefore there was no authority for sending the summons to Jefferson county. To all this we answer, that the jurisdiction of a court to take cognizance of a plaintiff's claim, or its authority to issue process, and bring parties before it to answer, does not depend upon the contingency of their finally being adjudged liable as charged. Pace was a resident of Lancaster county; he appeared to be an endorser on the notes, and was charged as such; the action was therefore properly brought against him and the maker and other endorsers jointly, and the plaintiff in error properly served with summons in Jefferson county, without regard to what the liability of the several defendants might on the final trial be found to be. The authority for sending the summons to Jefferson county is found in section 65 of the civil code, which provides that: "When the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request." The action was "rightly brought" in Lancaster county, according to section 60, title four of the code, which declares in express terms that actions like this one "must be brought in the county in which the defendant or some of the defendants reside or may be summoned."

But it is wholly unnecessary to trouble ourselves with what occurred in the county court prior to the entry of judgment there; for regardless of it all, it is very clear that the district court, whose judgment alone we are now dealing with, had jurisdiction over Pearson, and was given it by his own voluntary act—that of appeal. By his appeal he vacated the judgment of the county court, and brought the case within the jurisdiction of the district court, thereby subjecting himself to such judgment, under the law, as the facts of the case warranted; that the facts warranted the judgment which the district court gave, is

doubtless true, for the reason that no complaint is made on that score.    There is no error in the matter complained of, and the judgment will be affirmed.

JUDGMENT AFFIRMED.