JOSEPH SHAWANG, PLAINTIFF IN ERROR, v. SARAH J. LOVE, DEFENDANT IN ERROR.

Error or Appeal: WAIVER. A party taking an appeal from, or filing a petition in error to, the district court thereby submits. himself to the jurisdiction of said court, and waives any errors which have intervened in the service or return of process neces sary to bring him within such jurisdiction.

ERROR to the district court for Richardson county. Heard below before WEAVER, J.

A. Schoenheit, for plaintiff in error.

Martin & Gilman, for defendant in error.

COBB, J.

This was an action of ejectment by the defendant in error against the plaintiff in error.    The defendant in the court below made default, and upon proofs a judgment was ren--

dered for the plaintiff therein. Thereupon the cause is brought to this court by petition in error.

The following errors are assigned:

"1.   The district court did not obtain jurisdiction against the said Joseph Shawang in said cause.

"2.   The said Shawang was not served by summons or other process of the pending of said action as required by law.

"3.   The record shows that the summons was served upon said Shawang on the return day thereof and not as required by law.

"4.   The record shows that the return of the summons was made one day after the return day.

"5.   The record does not show what service of summons was made within the jurisdiction of the officer making it.

"7.   The record shows that at the date said judgment was rendered by the court it was not at a legally constituted term or adjourned term of said district court, and said court had no jurisdiction to render said judgment."

These alleged errors are all jurisdictional, and all except the seventh are objections to the jurisdiction of the court over the person of the plaintiff in error. I understand the law to be well settled that the taking of an appeal or the suing out of a writ of error is a waiver of all errors of want of jurisdiction of the person of the party. In other words, the party taking an appeal or suing out a writ of error thereby submits himself to the jurisdiction of the court. Such is the holding of the supreme court of Ohio in *Adams Express Co. v. St. John*, 17 Ohio State, 641. See also opinion of this court in *Brondberg v. Bobbett*, disposed of at the present term.   14 Neb., 517.

As to the seventh point, a careful examination of the record fails to disclose that the said district court was not legally in session, and the point not being referred to in the brief of plaintiff in error we are at a loss to perceive upon what that assignment is founded.

This being an action such as is mentioned in section 630 of the civil code, all that the plaintiff in error had to do to obtain a new trial was to demand it at the same term of court at which the trial was had. Having failed to make such demand, I do not think that he would be entitled to a new trial in any event, without a satisfactory showing why such demand was not made. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.