GEORGE S. HURFORD ET AL., PLAINTIFFS IN ERROR, v. LUTHER B. BAKER, DEFENDANT IN ERROR.

1. **Summons.** The language used in the summons wherein the defendants are notified that unless they answer *by* the 24th day of March, etc., *Held*, Equivalent to the language of the statute, which is, that they "answer *at* the time stated therein," etc., and sufficient.

2. **Jurisdiction:** WAIVER. By bringing a cause to the supreme court on error, a defendant in the court below waives all questions of the jurisdiction of such court over his person.

3. **Practice in Supreme Court.** No point of error not brought to the attention of the trial court for its ruling nor necessary to be considered and passed upon by it in order to reach the judgment rendered will be considered by this court in a proceeding in error.

ERROR to the district court for Madison county. Heard below before CRAWFORD, J.

*James T. Brown,* for plaintiffs in error.

*Brome & Durland,* for defendant in error.

---

NOTE.—Appeal gives jurisdiction of the person of appellant whether the lower court had acquired it or not. *Brondberg v. Babbott,* 14 Neb., 519. An appeal from or petition in error to the district court is a waiver of all errors which have intervened in service or return of process necessary to bring a party within the jurisdiction of that court. *Shawang v. Love,* 15 Neb., 143.

COBB, CH. J.

Action by the defendants in error against the plaintiffs in error, George S. and Kate F. Hurford, to recover the contents of a certain promissory note executed by them, and to foreclose a mechanic's lien on certain premises for lumber and other building material furnished them for the erection of a dwelling-house thereon, and for which the said note was given. Gerhardt Schmidt was made a defendant in said action as the holder of a prior mortgage lien on the said premises. Neither of the defendants answered. Their default was entered, and upon proper proceedings judgment was taken against them as prayed in the petition. George S. and Kate F. Hurford bring the cause to this court on error.

The following errors are assigned:

1. The said court had no jurisdiction over the person of the plaintiffs in error.

2. The court erred in rendering a greater judgment than was endorsed on the summons in the cause.

3. The court had no jurisdiction to render the judgment rendered in the cause.

4. That the summons in this cause is contrary to law, in that it requires the plaintiffs herein (defendants) to answer by a certain day when it should in law have been on or before said day.

5. That the endorsement on the said summons in said cause stated if plaintiffs herein (defendants) failed to appear, said defendant (plaintiff) would take judgment for $375 and interest from February 5, 1884, whereas a greater and a different judgment was rendered.

6. The court erred in rendering judgment against plaintiffs herein, George S. Hurford and Kate F. Hurford.

Plaintiffs in error, by their brief, urge but two of the above errors, and this opinion will be confined to them.

First, as to the question of jurisdiction. The summons to which objection is made commands the sheriff to notify the defendants (naming them) " that they have been sued by Luther B. Baker in the district court of said county; that unless they answer by the 24th day of March," etc. The language of the statute (sec. 64 of the civil code) applicable to the subject is as follows: " It shall be directed to .the sheriff of the county and command him to notify the defendant or defendants named therein that he or they have been sued and must answer the petition filed by the plaintiff, giving his name, at the time stated therein," etc. There is no difference in the meaning of the two sentences.' If there is, then it must be confessed that while the idea is. exactly the same it is better expressed by the language of the summons than that of the statute. It has never been doubted that an answer filed before the answer day, and after the service of the summons, is equally as good as though filed at or on the answer day. I think that a notification in language that admits only of a meaning which has always been accorded to the language of the statute must be held sufficient. While upon this point I will add, that by bringing the cause to this court on error the plaintiffs submit to the jurisdiction of the district court and waive any question of the irregularity of the summons or its service, as has been often held by this court. See also *Adams Express Co. v. St. John*, 17 O. S., 641.

2. The summons in the case had thereon the following endorsement: "Amount claimed of the defendant by the plaintiff is $375 and interest from Feb. 5, 1884," signed by attorneys for plaintiffs. There being no appearance on the part of the defendants the plaintiff took judgment for the amount named in the notice, and also for the foreclosure of a mechanic's lien and sale of premises.

This was undoubtedly an irregularity on the part of the plaintiff, but it cannot be said to be an error on the part of the court. To make it such, the attention of the

court must have been called to it by motion or other appropriate proceeding and its ruling taken thereon. It is upon such ruling, if wrong, that error will lie.

There was no motion for a new trial in the court below, nor application in any form to correct the judgment, and it is improbable that the court ever had knowledge that the summons was endorsed. It was guilty of no neglect of duty in failing to examine the summons to see whether it was endorsed, and, if so properly endorsed, to authorize the judgment prayed for in the petition.

It may be suggested that the case at bar being in the nature of an equitable proceeding, and having been tried to the court without the intervention of a jury, no motion for a new trial was necessary. Such, I think, would be the case if the errors relied upon consisted in the ruling or decision of the court on matters in issue or necessary to be considered and passed upon by the court in order to reach the judgment rendered, but certainly not when they consist of matters like that which we are now considering.

The first point having been waived by bringing the case upon error, and the second not being based on any act or decision of the court below, it is not deemed necessary to notice the point made by defendant in error.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.