L. E. DUNN ET AL., PLAINTIFFS IN ERROR, V. JOSEPH A. HAINES ET AL., DEFENDANTS IN ERROR.

1. **Jurisdiction.** To give the court jurisdiction in an action against a defendant who resides in and was served with summons in another county than that in which the suit is brought, the defendant who resides in or is served with summons in the county where the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff; hence if a surety is discharged by the creditor extending the time of payment without his consent, he is not a necessary or proper defendant.

2. ———: RESIDENCE: APPEAL: APPEARANCE. A defendant who resides in a different county from that in which the action is brought, and denies the jurisdiction of the court over his person, should have the ruling of the court on his objections thereto reviewed on error and not by appeal. By appealing he enters a general appearance. *Pearson v. Kas. Manfg. Co.*, 14 Neb., 211.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*T. M. Marquett*, for plaintiffs in error.

*Groff & Montgomery*, for defendants in error.

MAXWELL, J.

This action was brought in the county court of Douglas county upon a promissory note, of which the following is a copy:

"LINCOLN, NEB., Jan. 29, 1881.

"Ninety days after date, for value received, we promise to pay to the order of Haines Bros. & Co. four hundred dollars at Omaha,—maturity until paid.

"L. E. DUNN,

"W. H. H. DUNN,

"T. M. MARQUETT."

Service was had upon Mr. Marquett in Douglas county, and upon the other defendants in Lancaster county. Marquett filed an answer to the petition, wherein he alleged that he was merely surety on the note and the other defendants principals, and that the time of payment of said note had been extended "from April 29th, 1881, till June 1st, 1881, without the consent and knowledge of the said defendant, T. M. Marquett." The other defendants demurred to the petition for want of jurisdiction in the court, and the demurrer being overruled filed an answer wherein they allege that they, at the time of the execution of the note in question and when the action was brought, were residents of Lancaster county, and that service of summons was made upon them in that county. On the trial of the cause the court found that Marquett was merely a surety on said note, and that the plaintiffs below had extended the time of payment of the same without his knowledge or consent, and dismissed the action as to him, but rendered judgment against the other defendants for the sum of $428 and costs. The Dunns then appealed to the district court, where they set up substantially the same facts as in the county court. No appeal was taken from the judgment discharging Marquett. The questions presented, therefore, are: 1st. Was the summons properly served upon L. E. and W. H. H. Dunn in Lancaster county? 2d. Have they entered an appearance by appealing from the county to the district court? Sections 51, 52, 53, 54, 55, 56, 57, 58, and 59 of the code designate the county where the actions named therein shall be brought. Section 60 provides that "every

36

other action must be brought in the county in which the defendant or some the defendants reside, or may be summoned." This question was very fully considered in *Allen v. Miller*, 11 O. S., 374, where a firm residing in Cuyahoga county assigned to one Allen an account claimed to be due to it from one Miller, who resided in Hamilton county. Miller answered the petition, not only to the merits, but denying the jurisdiction of the court. It was held that the action was properly dismissed for want of jurisdiction. It is said (page 378): "It seems to us that the words ' defendant' and 'defendants,' as employed in those sections of the code to which reference has been made, in so far as they affect the question of jurisdiction, must be held to mean not nominal defendants merely, but parties who have a real and substantial interest adverse to the plaintiff, and against whom substantial relief is sought; and to hold otherwise would open a wide door to all sorts of colorable devices to defeat the policy of the law in respect to jurisdiction—devices difficult to detect but oppressive and wrongful in their practicable operation." The policy of the law is, that a personal action is to be brought against a defendant—one having an interest adverse to the plaintiff— in the county where such defendant resides or may be served with summons. Certain exceptions are made in the code, § 363, as to witnesses served with summons while attending court in a county different from that in which they reside, which need not be noticed here. But a plaintiff cannot, by joining one whom he alleges is a defendant with others in another county, and take judgment against all, if the proper objections are made, unless the party served in the county where the action is brought is an actual defendant—one having an actual interest in the result of the suit adverse to the plaintiff. Therefore, where defendants reside in different counties the plaintiff must commence his action in a county where an actual defendant in that action resides or may be served with summons. *Pearson v. Kas. Manufg. Co.*, 14 Neb., 211.

A surety who has been discharged by an act of the plaintiff from liability on the instrument sued on is neither a necessary nor proper party defendant; as where the creditor without the consent of the surety extends the time of payment. In such case the creditor enters into a new contract with the principal debtors, by which he as effectually discharges the surety from liability as if the debt had been paid. Not being liable he could not properly be made a defendant, and the fact that he was joined with the principal debtors did not authorize the plaintiffs below to bring their action in Douglas county. The county court, therefore, should have dismissed the action.

Where it is claimed that the county court has erred by assuming jurisdiction over the person of a defendant in an action pending in that court, the proper mode of reviewing the question of jurisdiction, or the want of it, is by petition in error to the district court: In the court of original jurisdiction a defendant may join all his defenses in one answer. That is, he may plead want of jurisdiction and to the merits, because if any one of his defenses is good and sufficient, it will defeat a recovery, and the code authorizes him to plead any defense, counter-claim, or set-off he may have. As he relies upon the want of jurisdiction over his person, that question is in issue, and if the ruling is against him he may have it reviewed on error. If, however, waiving this right, he appears generally in the action, as by filing an appeal bond, he will waive the want of jurisdiction, because he thereby admits by his obligation that there is a valid judgment against him. This question was before the court in *Pearson v. Kansas Manfg. Co.*, 14 Neb., 211, and it was held that an appeal from a judgment in a personal action gives the appellate court jurisdiction of the appellant, regardless of whether the lower court had acquired jurisdiction over him or not. In that case it is said (page 213): "It is very clear that the district court, whose judgment alone we are now dealing with, had jurisdiction

over Pearson and was given it by his own voluntary act—that of appeal." *Shawang v. Love*, 15 Neb., 142. As the plaintiff in error, by taking an appeal to the district court, entered a personal appearance in the action, the errors complained of are waived. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.