GEORGE A. HOAGLAND v. GEORGE A. WAY ET AL.

[FILED OCTOBER 11, 1892.]

1. **District Courts:** ERROR IN ENTRY OF DECREE: CORRECTION AFTER TERM.   A district court has the power to correct a mistake in the record entry of a decree at a term subsequent to that at which it was rendered so as to make the same correspond

to the decree actually pronounced by the court, and to conform to the pleadings in the case.

2. ——: ———: ——: WAIVER. The taking of a stay of order of sale by the defendant is not a waiver of his right to apply to the district court, under the provisions of sec. 602 of the Code, for the correction of a mistake in the record entry of the decree.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*Switzler & McIntosh*, and *H. Whitmore*, for plaintiff in error:

The trial court was without authority to change the decree at a subsequent term by petition filed after stay of execution had been entered. (*Miller v. Hyers*, 11 Neb., 474; *Sullivan v. Clark*, 12 Id., 578; *Banks v. Hitchcock*, 20 Id., 315.)

*E. A. Fletcher*, and *M. A. Hartigan*, contra.

NORVAL, J.

The facts are undisputed, and briefly stated are these: W. B. Mendenhall, one of the defendants in error, brought his action in the district court of Franklin county against George A. Way and Lydia J. Way, to foreclose a mortgage executed by them, and covering the south half of the southeast quarter of section 25, in township 2 north, range 15 west; also lots 9 and 10 in block 1 of the Academy addition to the village of Franklin. To the suit, plaintiff in error, George A. Hoagland, and the Security State Bank, N. A. Smith, and Franklin County Lumber Company were made defendants. The Security State Bank filed an answer and cross-petition praying the foreclosure of a mortgage upon the above described real estate, executed by the the Ways. George A. Hoagland also filed an answer and cross-petition asking the foreclosure of a mortgage given to him by the Ways upon said eighty-acre tract. The

cause was submitted to the court on the 28th day of January, 1890, upon the pleadings and evidence; and on the same day the court entered a decree of foreclosure, which gave Mendenhall a prior lien for $653.08, the Security State Bank a second lien for $159.73, and Hoagland a third lien for $824.60. By the decree the lots, as well as the eighty-acre tract, were ordered to be sold and the proceeds of sale directed to be brought into court and applied to the payment of the liens in the order of their priority.

On the 10th day of February, 1890, the Ways filed with the clerk of the court a written request for a stay of the order of sale. On May 9, following, the Ways filed a petition in the district court setting up that the decree, as prepared and enrolled, did not conform to the pleadings, in that it gave Hoagland a lien upon said lots 8 and 9, which constituted the homestead of the Ways, although the lots were not included in his mortgage, nor were they described in his cross-petition. That the decree as signed and enrolled was drafted, prepared, and submitted by the counsel for Mendenhall and the Security State Bank, without the same having been submitted for amendment or inspection to the counsel of the Ways, and that it was signed by the court without the knowledge of its conditions, contents, operations, and effect, and praying that said decree be corrected and modified so as to confirm to the pleadings and proofs. To this petition all the parties in interest appeared and answered. The cause came on for hearing at the May term of court on the 24th day of June, 1890, and the court found that the decree was incorrect, and the same was modified and corrected to conform to the pleadings. By the modified decree Hoagland was not given a lien upon said lots 9 and 10. This is assigned for error:

Ample power is conferred upon a district court to correct or modify a judgment, at a term subsequent to that at which it was rendered, for errors or mistake of the clerk, or for any irregularity in procuring it to be entered, so as

to make the record correspond to the judgment actually
pronounced by the court, and to conform to the pleadings
in the case. (Code, secs. 602, 603, 604.)  It is undisputed
that Hoagland's mortgage did not cover the lots above
mentioned, yet by mistake, in drawing the original decree,
he was given a lien upon these lots, and they were ordered
to be sold and the proceeds applied in satisfaction of the
same.  A bare inspection of the original pleadings is suffi-
cient to show that such mistake occurred in preparing the
decree, as Hoagland in his cross-petition did not claim a lien
upon said lots.  Under the statute the district court had
jurisdiction to correct or modify the decree at a term of
court subsequent to that at which it was entered.  (*Garri-
son v. People,* 6 Neb., 274; *Wilkins v. Wilkins,* 26 Id., 235;
*Brownlee v. Davidson,* 28 Id., 785.)

It is urged that, as the execution of the original decree
was stayed by the Ways, the trial court had no jurisdic-
tion to afterward change or modify the decree.  We can-
not adopt this view.  By section 477e of the Code it is
provided that " no proceedings in error or appeal shall be
allowed after such stay has been taken," etc.  It is upon
this provision, and certain decisions of this court that
counsel for plaintiff in error rely.  We are unable to per-
ceive that the statutory provision quoted has any applica-
tion to the case at bar.  The object and purpose of its
enactment was to deprive a suitor of the right to prosecute
an appeal or petition in error to reverse the judgment after
taking a stay.  The Ways, after having taken the statutory
stay, could not have the original decree reviewed in this
court, but the filing of the request for a stay did not have
the effect to deprive them of the right to apply to the dis-
trict court, under the provisions of section 602 of the Code,
for correction of the record entry of the decree, so that the
same should conform to the pleading and the decree actu-
ally rendered.  To so hold would be contrary to both the
letter and spirit of the quoted section of the statute relating
to the stay of executions and orders of sale.

Hoagland v. Way.

The three cases cited in the brief of plaintiff in error do not conflict with the conclusion we have reached, as a brief examination will disclose.

In the case of *Miller v. Hyers*, 11 Neb., 474, it appears that one Jacob Lefever obtained a decree of foreclosure of a mortgage in the district court of Cass county against Jason G. Miller and wife. Within the time fixed by law the Millers filed with the clerk of the court a written request for a stay. After the expiration of the stay an order of sale was issued and placed in the hands of Hyers, as sheriff, for execution, who proceeded to advertise the mortgaged premises for sale. Miller thereupon commenced an action setting up a defense to the original cause of action in the foreclosure suit, and obtained an injunction restraining Hyers and Lefever from proceeding with the sale. The defendants set up in their answer the fact of the entry of the stay of the order of sale, and upon the hearing the district court dissolved the injunction and dismissed the suit. On error to this court it was ruled that by taking the stay Miller waived any error in the foreclosure suit. In the case before us the Ways did not attempt to urge a defense to the original suit in the application to correct the decree.

*Banks v. Hitchcock*, 20 Neb., 315, was an appeal from an order of the district court, denying a new trial, applied for under the provisions of section 318 of the Code, after the applicant had obtained a stay of execution. It was held that the taking of a stay was a waiver of the right to apply for a new trial. Clearly the doctrine announced in these two cases should not be further extended. The case of *Sullivan Savings Institution v. Clark*, 12 Neb., 578, was an appeal from a decree of foreclosure of a mortgage. At a subsequent term of the district court Clark, after filing a request for a stay of the order of sale, applied to the district court to correct the judgment by allowing him $150 in addition to the sum allowed him in the decree. It was held, and we think correctly, that by taking a stay he

waived the right to have the decree reviewed on error or appeal. We are of the opinion that the district court did not err in correcting the decree, and the decision is

AFFIRMED.

THE other judges concur.