ALFRED ECKLUND, APPELLEE, V. ELIJAH J. WILLIS, APPELLANT, ET AL.

FILED NOVEMBER 20, 1894.   No. 5723.

1. **Review**: ALLEGATIONS OF ERROR. An alleged error not brought to the attention of the trial court will not be considered by this court on a review of the case by petition in error.

2. ———: CONFLICTING EVIDENCE. A finding based upon conflicting testimony will not be set aside unless found to be clearly wrong.

3. **Receivers.** *Held*, That the evidence was sufficient to authorize the appointment of a receiver to take charge of the mortgaged premises and to collect the rents and profits accruing therefrom.

4. **Mortgages**: FORECLOSURE: STAY: WAIVER OF ERRORS. The

51

taking of a stay of the order of sale under a decree of foreclosure is a waiver of all errors in the proceedings in the case prior to the obtaining of such stay.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*B. F. Johnson* and *T. F. Barnes*, for appellant.

*Thos. C. Munger, contra.*

NORVAL, C. J.

Plaintiff, and appellee, filed a petition in the district court to foreclose a mortgage upon real estate in North Lincoln, and in his petition he applied for the appointment of a receiver to collect the rents and profits, on the ground that the mortgaged premises are insufficient security for plaintiff's claim, and the insolvency of the defendants. Subsequently, at the September term, 1891, of said court, upon due notice to the defendants, Paul F. Clark was appointed receiver of the property to take charge of the same and collect the rents and profits accruing therefrom, who gave bond in the sum fixed by the court, and the plaintiff likewise executed a bond to the defendants, with approved sureties, in the sum of $1,000. At the February term, 1892, the defendant Elijah J. Willis filed a motion to vacate the order appointing a receiver, which motion was denied by the court, and he excepted to the ruling. At the same term a decree of foreclosure was rendered, and the defendants filed a request for a stay, in accordance with the provisions of the statute. The defendant Elijah J. Willis appeals from the overruling of his motion to vacate the order appointing a receiver.

The first point made in the brief of appellant is that the receiver did not give a bond in a large enough sum. A sufficient answer to this is that neither when the order appointing the receiver and fixing the amount of his bond

was made, nor in the motion to vacate such order, was any
objection urged as to the size of the bond required.   If
appellant desired that question reviewed, he should have
presented the same to the trial court in his motion to vacate,
and obtained a ruling thereon.   We have to do alone
with the decision of the lower court in the motion to vacate
its order appointing a receiver, and questions not raised
therein cannot be urged as grounds for reversal.   (*Hurford
v. Baker*, 17 Neb., 443.)

It is lastly insisted that the appointment of a receiver
was unnecessary in this case.   Section 266 of the Code of
Civil Procedure provides for the appointment of a receiver
"in an action for the foreclosure of a mortgage when the
mortgaged property is in danger of being lost, removed, or
materially injured, or is probably insufficient to discharge
the mortgage debt."   The appointment was made on the
ground that the mortgaged premises were inadequate to
pay the plaintiff's claim.   It appears from the record that
there are mortgage liens upon the property prior in point
of time to plaintiff's, amounting, including interest, to
about $5,000.   The amount of the decree in favor of the
plaintiff, exclusive of costs, is $635.82.   The motion to
vacate the order appointing a receiver was heard upon af-
fidavits, four on either side.   The market value placed
upon the property by plaintiff's witnesses ranged from
$4,200 to $5,000, while the defendant's witnesses testified
that it was worth from $9,950 to $14,200.   There was
sufficient testimony before the court, if plaintiff's witnesses
were truthful, upon which to predicate a finding that the
mortgaged property was inadequate to pay off the mort-
gage debt, after satisfying all prior liens.   The testimony
as to value was conflicting, and, following the rule univer-
sally adhered to by this court, the finding in the case at bar
will not be disturbed.

There is another reason why the case should not be
reversed.   It appears from the transcript that after mak-

ing the order of which complaint is made, a decree of foreclosure was rendered in the action against the defendants, and that the appellant applied for, and obtained, a stay of the order of sale. This step is a waiver of the right to have reviewed any of the proceedings in the case prior to the taking of such stay. (Code, sec. 477*e*; *McCreary v. Pratt,* 9 Neb., 122; *Miller v. Hyers,* 11 Neb., 474; *Sullivan Savings Institution v. Clark,* 12 Neb., 578; *Banks v. Hitchcock,* 20 Neb., 315.)

AFFIRMED.