S. & C. MAYER ET AL. V. JOHN E. NELSON.

FILED APRIL 8, 1898. No. 7940.

1. **Process: WITNESSES: EXEMPTION FROM SERVICE.** A person is privileged from the service of a summons in an action in which the venue is laid in a county other than that of his residence, while necessarily and in good faith within such county for the purpose of testifying as a witness in a cause.

2. ———: ———: ———: JUDGMENT. A judgment rendered on such service of process is not void, but merely erroneous, subject to be reversed in an appropriate appellate proceeding.

3. **Jurisdiction: OBJECTIONS.** Objections to jurisdiction of the person,

not appearing on the face of the record, may be raised by answer, and the prosecution of an appeal or error is not a waiver of such jurisdictional defense.

4. Judgment: INJUNCTION. A court of equity will not enjoin the enforcement of a judgment of a justice of the peace where it appears that a plain and adequate remedy existed at law.

ERROR from the district court of Phelps county. Tried below before BEALL, J. *Reversed.*

*J. C. McNerney* and *Alexander Altschuler,* for plaintiffs in error.

*Hall, St. Clair & Roberts* and *Stewart & Munger, contra.*

NORVAL, J.

This action was instituted in the district court of Phelps county by John E. Nelson to enjoin a judgment recovered against him by S. & C. Mayer before a justice of the peace of Lancaster county. On the final hearing a decree was entered for the plaintiff as prayed, and the defendants prosecute a petition in error.

The sole ground upon which relief was sought is that the judgment of the justice was void for want of jurisdiction over the person of the defendant therein. The facts, as gathered from the pleadings and evidence, are these: Nelson was a resident of Phelps county, and on January 5, 1894, he was served therein with a subpœna to appear on the day following as a witness before the county court of Lancaster county in a cause pending therein wherein Dean & Horton were plaintiffs and Sheldon and others were defendants; that Nelson, in obedience to the commands of the writ, went to Lancaster county on January 6 for the purpose of becoming a witness in said suit, and while there the justice's summons was served personally upon him on said date; that on the return day of the summons he made a special appearance before the justice and objected to the jurisdiction of the court over his person, on the ground that he was not

liable to be served with civil process in Lancaster county while in attendance upon court as a witness, which objection was overruled, and Nelson neither by himself nor attorney made any further appearance in the cause, and the judgment sought to be enjoined was rendered against him; that a transcript thereof was filed and docketed in the district court of Lancaster county, and a certified transcript of the same from said court was lodged in the office of the clerk of the district court of Phelps county, upon which an execution was issued and placed in the hands of the sheriff for service.

Undoubtedly Nelson was privileged from being served with summons in Lancaster county while in attendance as a witness before any of the courts of that county, and the justice should have sustained his objection to jurisdiction over his person (*Palmer v. Rowan*, 21 Neb. 452); but it was a privilege or immunity which he might have waived (*Woods v. Davis*, 34 N. H. 328; *Stewart v. Howard*, 15 Barb. [N. Y.] 26; *Washburn v. Phelps*, 24 Vt. 506; *Randall v. Crandall*, 6 Hill [N. Y.] 342). The judgment rendered on such service of process was not void. It was merely erroneous. But the defect is not available in a collateral proceeding. The case of *Hamilton v. Millhouse*, 46 Ia. 74, cited by plaintiff below, does not conflict with our view. The Code of Iowa provides that the jurisdiction of a justice of the peace does not embrace actions for the recovery of money against actual residents of any other county. That case holds that a justice cannot in such an action acquire jurisdiction over a nonresident defendant, though he may be served with process in the township where the action was commenced. That decision is based upon the proposition that the justice lacks jurisdiction over the subject-matter when the defendant is an actual resident of a county other than that in which the suit was brought, and that appearance could not confer jurisdiction. In that state a non-resident of the county is not liable, or subject to the service of summons in any suit brought to recover a money judg-

ment, while the law almost everywhere privileges a litigant or witness from the service of civil process while attending court out of the county of his residence. It is, however, a personal privilege which must be claimed to be available. The distinction between the Iowa case and the one at bar is too marked to require further comment.

Nelson had an adequate remedy at law by appealing from the judgment or prosecuting a petition in error to the district court. (*Hurlburt v. Palmer*, 39 Neb. 158; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb. 897; *Dunn v. Haines*, 17 Neb. 560.) The doctrine of these cases is that an objection to the jurisdiction of the court over the person is not waived by appealing or prosecuting an error proceeding, and that the want of jurisdiction, which is not disclosed by the face of the record, may be set up by answer. As a plain and adequate remedy existed at law, a court of equity will not enjoin the enforcement of the judgment rendered by the justice. (*Gould v. Loughran*, 19 Neb. 392; *Langley v. Ashe*, 38 Neb. 53.)

It is argued that the rule stated in *Shawang v. Love*, 15 Neb. 142, should apply to this case, since it had not been overruled at the time the judgment of the justice was entered. While it was decided in that case that the prosecution of an appeal or petition in error constituted a waiver of jurisdiction over the person, it is no reason why we should not in this case apply the true doctrine as announced in *Hurlburt v. Palmer*, *supra*. Plaintiff below has mistaken his remedy. The decree is reversed and the action dismissed.

REVERSED AND DISMISSED.