FEDERAL LAND BANK OF OMAHA, APPELLEE, V. JEANIE ARTHUR ET AL., APPELLANTS.

FILED MARCH 2, 1933. No. 28358.

*Merrow & Murphy* and *J. C. Sprecher,* for appellants.

*E. F. Dougherty, J. M. Gurnett* and *Harvey M. Johnsen, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

RAPER, District Judge.

This action was begun on February 12, 1930, by plaintiff and appellee to foreclose a mortgage given by Jeanie Arthur, on premises later sold to George Anderson, both being made defendants, and are appellants. Maggie Brown, defendant, filed cross-petition to foreclose second mortgage. Plaintiff sets up its note and mortgage, and alleges that Jeanie Arthur purchased capital stock to the amount of 130 shares in the Surety National Farm Loan Association (being 5 per cent. of the loan) through which plaintiff's loan was made, and that said association in turn purchased a like amount of capital stock in plaintiff corporation, and plaintiff issued said 130 shares of its

stock to said association, but retained said stock as collateral to said loan. Plaintiff alleges default in conditions of its mortgage, and prays foreclosure for amount due thereon and for taxes paid for the year 1928, and that it be directed and authorized to retire at par value ($650), the said 130 shares of its stock and credit same, and that the Surety National Farm Loan Association (which association is also made defendant) be directed to retire and cancel its said 130 shares of stock.

Maggie Brown claims a lien second to plaintiff's, on a note and mortgage for $2,559.22, and interest, and also sets up a second note for $385.08 signed by Jeanie Arthur, dated February 23, 1927 (same date as mortgage) but the mortgage does not secure this $385.08 note.

Service was had on Anderson and wife by publication, answer day being July 14, 1930, and on that day George Anderson answered by general denial. No further appearance by any party was made until November 1, 1930, when Surety National Farm Loan Association filed cross-petition and petition in intervention, alleging that the property had been purchased at tax sale by plaintiff in the year 1925, and tax sale certificate issued therefor, which plaintiff, soon after, assigned to the association, and that said association thereafter in the years 1926 and 1927 paid the taxes on said land, and prays for foreclosure of its tax lien, but subject to plaintiff's mortgage lien. No process was issued on this cross-petition. On November 5, 1930, in the district court, there was entered and filed a decree of foreclosure giving plaintiff a first lien for the sum of $12,671.21, with interest at 8 per cent. from January 20, 1930, directing the Surety National Farm Loan Association to withhold retirement of the $650 capital stock until there is a sale of the property, and if enough be realized from the sale to pay plaintiff's lien, the stock retirement fund will be available to be paid to said association, but if enough is not realized from the sale to pay plaintiff's lien the stock retirement fund is directed to be applied to the deficiency to the

extent that it is necessary. Maggie Brown was given a second lien in the sum of $3,676.42 with 10 per cent. interest, which apparently includes the note of $385, which no doubt was an inadvertance. The decree does not grant the association's claim for its tax foreclosure.

On November 10, 1930, Jeanie Arthur and George Anderson filed request for stay. At the expiration of the stay, an order of sale was issued under which the sheriff on September 14, 1931, sold the land to plaintiff for a sum less than sufficient to satisfy plaintiff's decree and costs. Anderson and Mrs. Arthur on September 18, 1931, filed objections to confirmation, alleging the land sold for an inadequate price; that the decree provided for excessive interest; that plaintiff had no right to purchase the taxes for 1925, and assign the certificate and thus give the association the right to claim interest at a larger per cent.; that Maggie Brown's decree included the note not secured by the mortgage, and her decree allows greater interest than the pleadings warranted; that the decree was not submitted to their attorneys prior to its entry.

It will be noted that the decree was duly filed on November 5, 1930, and five days thereafter these appellants asked for a stay, which was granted. There was ample opportunity for the appellants to read or learn of the decree before they filed their stay, and this stay waives all errors in the decree which might have been corrected if promptly called to the attention of the court. The objections to the errors in the decree were not made until after the sale, and no valid reason given for the delay. Appellants, no doubt realizing their weakness in such claim, on November 24, 1931, filed petition to set aside the decree, alleging in substance the same reasons that were claimed in their objections to the confirmation of the sale.

The court on November 20, 1931, entered an order, after hearing objections to the confirmation, granting objectors 30 days in which to raise the reported sale price, and if not raised by that time, the sale to be con-

firmed. During that period a person offered $15,000, but the offer contained some reservations as to title and conditions that the court or sheriff had no authority to comply with, and the court refused the offer.

The district court on January 2, 1932, overruled the objections and confirmed the sale, and on same day sustained a demurrer to appellants' petition to set aside the decree and dismissed same. George Anderson and Jeanie Arthur appealed from those orders. As to the question of the value of the land, the court heard the evidence and the evidence is sufficient to sustain its finding that the land sold for a reasonable price. There were some irregularities in computing the interest amounting only to a small sum, and in granting lien of Maggie Brown's second note, but in view of the fact that the premises did not bring sufficient to pay plaintiff's lien and costs these irregularities are not prejudicial to the sale. It may be that the court, if deficiency judgments be asked for, can correct the computations as to Jeanie Arthur. *Hoagland v. Way*, 35 Neb. 387. No deficiency is prayed against appellant Anderson, and no final judgment was in fact entered against Jeanie Arthur on Maggie Brown's $385 note. The appellants cite *Hoagland v. Way, supra,* as authority for right to set aside judgment at a subsequent term, after filing stay. The facts in that case clearly distinguish it from the case at bar.

Where the parties knew or could by reasonable diligence have known the facts upon which such petition is based, before taking a stay or before the adjournment of the term at which a decree was rendered, and their rights have not been prejudiced, they are not entitled to vacate the decree at a subsequent term, under section 20-2001, Comp. St. 1929.

The procedure in the case is set out above more fully than might ordinarily be expedient, but it shows that the appellants had ample opportunity to present their claims, and the court, after full hearing, was warranted in confirming the sale, and in dismissing their petition.

There being no prejudicial error disclosed, the orders appealed from are affirmed.

AFFIRMED.