GEORGE FOSTER v. THE CIMARRON VALLEY BANK OF COYLE,

OKLAHOMA TERRITORY, *a Corporation.*

(Filed March 4, 1904.)

1. **SERVICE OF SUMMONS IN FOREIGN COUNTY**—Judgment Void, When. Where an action is brought and summons is issued to the sheriff of another county and is there served upon the defendant, and judgment in such action is rendered upon default without any appearance of the defendant, the judgment is void, the court having no jurisdiction of the person of the defendant.
2. **VOID JUDGMENT**—Set Aside on Motion, When. Where upon default a judgment is rendered which is void for want of jurisdiction of the person of the defendant, such judgment should be set aside upon motion, defendant making a special appearance for the purpose of such motion only.

(Syllabus by the Court.)

*Error from the Probate Court of Logan County; before*

*C. W. Goodrich, Trial Judge.*

*W. M. Engart, Cotteral & Hornor,* for plaintiff in error.

*A. L. Ayers* and *J. C. Strang,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action commenced in the probate court of Logan county by the defendant in error against the plaintiff in error, to recover an alleged balance of $183.45, due upon two promissory notes given by the plaintiff in error to the defendant in error.

A summons was issued, directed to the sheriff of Dewey county, which was served on the defendant there. No other service was obtained.

At the commencement of the action, the defendant in error caused an attachment to be issued against the property of the plaintiff in error, alleging in the affidavit, among other grounds, "That the defendant so conceals himself that a summons cannot be served upon him." The order of attachment was issued to the sheriff of Logan county to serve, and was levied upon certain growing wheat, of the appraised value of $100.00.

The defendant did not appear, and judgment was rendered by default. After judgment, the defendant made a special appearance for the sole purpose of objecting to the jurisdiction of the court, and moved the court to vacate and set aside the judgment, for the reason that the court never had jurisdiction over the defendant; that the summons issued to the sheriff of Dewey county and there served was without authority of law, and gave the court no jurisdiction over the defendant. The motion was overruled, and the defendant brings the case here.

The record in this case squarely raises the question of whether or not an action upon a promissory note can be brought in one county, and a summons issued and served upon a defendant in another.

Article 5 of the procedure civil, being that part of the code specifying the county in which actions are to be brought, proceeds in several sections to designate the county in which various classes of actions must be brought, and after treating of the various classes of actions, none of which include this one, section 57 of the act provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

There are actions enumerated in article 5 in which a summons may properly be issued to and served in another county. This is not one of them. The section quoted is the only one covering this class of actions, and designating where the same shall be brought.

Under the conditions named in the affidavit of attachment, by filing the proper affidavit, it may be that the defendant in error could have had service in this case by publication, as in section 78 it is provided that in all actions where the defendant being a resident of this Territory has departed therefrom or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of summons, or keeps himself concealed therein with like intent, that service by publication may be had upon him; but there was no attempt in this case to procure service in that way. It may be noticed here that the fact that summons was issued to Dewey county would indicate that the statement in the affidavit that the defendant keeps himself concealed was not made advisedly. The only attempt at service was by issuing the summons to the sheriff of Dewey county, and having it served there.

It is contended by the plaintiff in error that such service as was made in this case is a nullity, and that the court was entirely without power or authority to issue summons in this kind of an action to another county than that in which the action was commenced; that the issuing and serving of the summons did not give to the court jurisdiction of the person of the defendant; that the judgment of the court was void.

It is contended by the defendant in error that "The

court, under the allegations in the affidavit for attachment, necessarily made a finding of fact that said defendant had absconded from the county of Logan, his place of residence, and had left the county in order to avoid the service of summons upon him, and that said findings are a part of the judgment."

While the court undoubtedly found the allegations of the affidavit for attachment to be true, yet that fact, without service, did not give the court jurisdiction of the defendant. The finding was not upon the question of service, it was upholding the truthfulness of the allegations of the attachment; and the finding could have no bearing whatever upon the question of service.

This question is not a new one. The identical question has repeatedly been before the supreme court of Kansas, both prior and subsequent to the time we adopted our civil code. It has been before that court in various cases, and in various forms. One of the most recent cases is that of the *Board of County Commissioners of Kearney County v. Rush, et. al.,* 44 Kan. 765, 24 Pac. 484. That was a case to recover the sum of eight thousand dollars, which it was alleged that the defendant had received without warrant or authority from the county. Upon the filing of the petition, a summons was issued by the clerk of the district court of Kearney county to the sheriff of Pawnee county, and was there served upon the defendant. Afterwards a judgment was rendered by default against each of the defendants. After judgment, the defendants appeared specially, and moved to vacate and set aside the judgment, for the reason that the court had no jurisdiction of the person of the de-

fendants, or either of them, and that the judgment was absolutely void. This motion was sustained, and the judgment was vacated. , The court, in that case, says:

"The district court in rendering judgment, had no jurisdiction over either of the defendants, and therefore committed no error in subsequently vacating the same."

The judgment of the district court was affirmed. In the syllabus of that case, the court says:

"Where an action is brought and service of summons is upon the defendant in another county, and judgment is rendered upon default without any appearance of the defendant, the judgment is wholly void, as the court has no jurisdiction of the person of the defendant."

That case is parallel with this in every particular, and is in harmony with all the cases upon this subject which we have examined. Among the cases noticed are: *Rullman v. Hulse,* 32 Kan. 600, 5 Pac. 176; *Rullman v. Hulse,* on motion for re-hearing; 33 Kan. 670, 7 Pac. 21: *Dunn 'v. Hazlitt,* 4 Ohio St. 435; *Allen v. Miller,* 11 Ohio St. 374.

As the statute specifically provides that this class of actions must be brought in the county in which the defendant resides or may be summoned, and there being no provision elsewhere that a summons can be issued to another county in such cases, the authority of the court is limited, and the action cannot be brought in any other county than the one in which the defendant resides or may be summoned.

The service, therefore, of the summons upon the defendant in this case, in Dewey county, was without authority of law, and a nullity, and the judgment rendered upon such service is void.

A void judgment can be attacked in any way, even

collaterally. The appearance in this case specially by motion, asking the court to vacate the judgment for the reason stated, was a proper method of attacking the judgment. The motion should have been sustained by the court. It was prejudicial error to overrule it.

Proper exceptions having been saved to the action of the court, the questions involved are properly presented here.

Having reached the conclusion that the judgment is void, it must be reversed. The case is remanded to the probate court, with directions to sustain the motion, and to vacate and set aside the judgment originally rendered.

