## Ozark Marble Co. v. Still.

### No. 172.   Opinion Filed July 3, 1909.

#### (103 Pac. 586.)

1. **CORPORATIONS—Service of Process—Return.** Under section 4268, Wilson's Rev. & Ann. St. 1903, providing that a summons against a corporation may be served on the president, chairman of the board of directors, or other chief officer, or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, or managing agent. etc., when the service is not upon the chief officer, the return must show that such chief officer could not be found in the county.

2. **JUDGMENT—Default Judgment—Defective Service.** A judgment by default, rendered against a corporation upon service of summons on one of its subordinate officers provided for in said section, where it is not shown that the chief officer of the corporation could not be found in the county, should be set aside upon motion of defendant to vacate for want of service.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County; John H. Pitchford, Judge.*

Action by John C. Still against the Ozark Marble Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*William T. Hutchings, George A. Murphey,* and *W. P. Z. German,* for plaintiff in error.

*Jess W. Watts* and *Wm. L. Curtis,* for defendant in error.

HAYES, J.   This is an action for damages, brought by defendant in error in the district court of Sequoyah county on the 11th day of January, 1908.   Defendant in error plaintiff below, alleges in his petition that he is a resident of said county, and that defendant, the Ozark Marble Company, is a corporation, organized and existing under the laws of Oklahoma.   He alleges personal injuries received by him while in the employment of the defendant, caused by its negligence, and prays judgment for damages.   Summons was issued on the 11th day of January, 1908, and delivered to the sheriff, who made return thereof on January 17, 1908, as follows:

"Received this writ Jan. 11, 1908, and, as commanded therein, I summoned the following persons of the defendants within named at the times follows, to wit:   C. E. Shannon, manager of the Ozark Marble Co., at Marble, Oklahoma, Jan. 16, 1908, by delivering to each of said defendants, personally, in said county, a true and certified copy of the within summons, with all the indorsements thereon, and by leaving for each of said defendants, at ——— usual place of residence of each in said county, a true and certified copy of the within summons, with all the indorsements thereon."

On the 18th day of March, 1908, plaintiff took judgment by default against defendant for the sum sued for.   On the 21st day of the same month, at the same term of court, defendant filed its motion praying the court to vacate and set aside said judgment; and it is from the order of the court overruling this motion that this proceeding in error is brought.

One of the grounds set up in the motion was that the return of the officer failed to show a valid service of summons, and the court was without jurisdiction of the person of the corporation to render judgment, in that the return of the officer failed to show that service of the summons upon the chief officer of the

corporation could not be made in the county.   Section 4268 of Wilson's Revised and Annotated Statutes of 1903 provides:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office of usual place of business of such corporation, with the person having charge thereof."

Section 4265 requires that in all cases the officer must state in his return the time and manner of service.   The return of the officer of the summons in the case at bar does not show that the chief officer of defendant could not be found in the county.   By reason of such defect the return fails to show a valid service. *Caro Bros. v. O. & C. Ry. Co.,* 10 Or. 510; *Cario & Fulton Ry. Co. v. Trout,* 32 Ark. 17; *Fee v. Big Sand Iron Co.,* 13 Ohio St. 563; *Hoen v. Atlantic & Pacific Ry. Co.,* 64 Mo. 561.   If, upon the hearing of defendant's motion to vacate and set aside the default judgment, plaintiff had made showing that the fact were such that such officer could not be found in the county and service could not be had upon him, and had asked leave to have the officer's return amended to conform to such facts, it would have been the duty of the trial court to have granted such leave, but no such request or showing was made.   He insisted in that court, and now insists in this, that the service shown by the return is a valid service; but the error of this contention is shown by the authorities cited above.

Plaintiff's motion to vacate and set aside the judgment should have been sustained.   The conclusion we here reach is not in conflict with *Palmetto Town Co. v. Rucker,* 1 Kan. (Dass. Ed.) 561.   In that case the defect in the service of the summons was the same as in this case.   Default judgment was taken; but defendant did not appear and move to vacate the judgment, or in any other manner ask relief of the trial court from such default, but appealed therefrom to the Supreme Court.   The court

held that the service of the summons, as shown by the return, was defective, and that under the statute in force in that state, which is the same statute that is in force in this state, the return should have stated that the president or other chief officer could not be found in the county; but the court held that, since the defect in the return of the officer failing to show valid service might be such a one as could have been remedied by amendment in the trial court, and the defendant had not in any manner invoked the aid of the trial court to relieve him from such default, the appellate court would give him no relief on appeal. Defendant has done in this case just what the court said defendant in that case should have done, to wit, apply to the court by motion to vacate and set aside the judgment. That the procedure followed in this case by defendant is the correct one, see, also, *Foster v. Cimarron Valley Bank*, 14 Okla. 24, 76 Pac. 145.

It is urged by the plaintiff that defendant was not entitled to have the default judgment set aside upon his motion, for the reason that he failed to show therein that he had a valid defense. It is unnecessary for us to examine the allegations of defendant's motion as to the facts constituting his defense, to ascertain whether or not such facts constitute a good defense; for a judgment taken by default against a defendant who has not been served and who has not entered an appearance may be set aside by defendant without showing that he has a valid defense. *Hanson v. Walcott*, 19 Kan. 207.

Other questions are raised in the motion to vacate; but since, for the reason already assigned, the judgment of the trial court must be reversed and the other grounds are either without merit or are such as will not likely reoccur in the subsequent proceedings in this case, we shall not prolong this opinion by considering them.

The judgment of the trial court is reversed, and the cause

remanded, with instructions to vacate and set aside the judgment.

Dunn, Turner, and Williams, JJ., concur; Kane, C. J., not sitting.