### GIVENS et al. v. ANDERSON

No. 16643—Opinion Filed Sept. 14, 1926.

**1. Appeal and Error—Discretion of Lower Court—Refusal to Vacate Default Judgment.**

An application to set aside a default judgment is, as a general rule, addressed to the sound discretion of the court. The denial of the application will not be disturbed on appeal unless it is made to clearly appear that the court abused its discretion.

**2. Judgment—Motion to Vacate Default—Insufficient Showing — Proffered Pleading.**

A general denial contained in a proffered answer attached as an exhibit to a motion to set aside a default judgment is not sufficient to warrant a vacation of the judgment.

**3. Appearance—Effect of Motion to Vacate Judgment on Nonjurisdictional Grounds.**

Where a party named as defendant and against whom a default judgment has been rendered without any service of process upon him, appears and moves to vacate the judgment upon nonjurisdictional grounds, he will be held to have entered a general appearance in the case.

**4. Judgment Affirmed.**

Record examined; and held to require that the judgment be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Court of Common Pleas, Tulsa County; R. D. Hudson, Judge.

Action by G. C. Anderson against C. D. Givens, administrator of the estate of Mrs. G. C. Anderson, deceased, John Gunter, and Roxie Gilliland. From an order overruling their motion to vacate and set aside a default judgment in favor of the plaintiff, the defendants appeal. Affirmed.

E. M. Ditmon, for plaintiffs in error.

C. A. Warren, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error will be referred to herein as the defendants. and the defendant in error as the plaintiff, as they appeared in the court below.

C. D. Givens, as administrator of the estate of Mrs. G. C. Anderson, deceased, brought an action in replevin against G. C. Anderson, the husband of the deceased, seeking to recover an automobile in the possession of G. C. Anderson, which the plaintiff alleged belonged to the estate of the deceased. A replevin bond was executed in

the sum of $550, with John Gunter and Roxie Gilliland as sureties thereon, conditioned that plaintiff duly prosecute the suit and pay all costs and damages that should be awarded against him. Upon a trial of the replevin suit judgment went for the defendant. This judgment became final. Thereupon G. C. Anderson, as plaintiff, commenced this action against said administrator and the sureties upon said bond, as defendants, seeking to recover the sum of $289.75, this being the amount of damage he alleges he sustained by reason of the replevin suit. Summons was issued and personally served upon the defendants C. D. Givens and Roxie Gilliland. It is admitted by the plaintiff that there was no legal service upon the defendant John Gunter. On October 31st, upon the application of W. E. Green, an attorney, the court entered an order extending the time to plead as to all de endants for a period of ten days. Thereafter, on January 13, 1925, the case was called for trial, and the defendants being in default and not appearing, a default judgment was entered against all the defendants according to the prayer of the plaintiff's petition. Thereafter, on the 21st of January, 1925, the defendants filed in the case a motion to vacate the default judgment. This motion was taken up on January 30th, and overruled as to defendant Roxie Gilliland, and the motion as to the other defendants was passed to February 3rd, at which time a further hearing was had upon the motion, at the conclusion of which the court overruled the motion as to all defendants. The defendants appeal from the order and judgment of the court overruling their motion to vacate the de ault judgment.

The grounds for vacating the default judgment. as stated in the motion, are as follows:

"1. That the defendants have been prevented from filing any pleading herein for the reason that the original files in this case have been out of the clerk's office since October 30, 1924, and that defendants through their attorneys have endeavored to locate said files and pleadings filed by plaintiff so that they could prepare their pleadings but have been unable to do so.

"2. That defendants were represented by an attorney who resided at Fort Smith, Ark.. and that said attorney arranged and agreed with the attorney for plaintiff that he should be permitted to file their answer herein just as soon as they were able to locate or find the original files so that said answer could be drawn, but that in violation of said agreement plaintiff came into court and obtained default judgment.

"3. That because of the facts above stat-

ed these defendants have been deprived of the right to defend herein, and that they have a good and valid defense herein as shown by their answer hereto attached and made a part hereof."

An application to set aside a default judgment is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Hagar v. Wikoff, 2 Okla. 580, 39 Pac. 281; Stainbrook v. Meskill, 52 Okla. 196, 152 Pac. 820; Olentine v. Alberty, 82 Okla. 9, 198 Pac. 296. With this rule in mind, let us examine the record and determine, if we may, whether or not the trial court abused its discretion in overruling the motion to vacate the default judgment.

The first ground for vacating the judgment, as contained in the motion, is that defendants' attorney was unable to locate the court files and pleading filed by plaintiff, and for that reason was unable to prepare their pleading. The only evidence up on this proposition is the testimony of Mr. W. E. Green, an attorney of Tulsa. As a witness for the plaintiff at the hearing upon the motion now under consideration, he testified that he delivered the original files in the case to Mr. Ditmon, attorney for defendants, on or about the 16th of December, 1924, and that Mr. Ditmon took the files to Fort Smith with him, under the impression that they were copies. This was almost a month be.ore the default judgment was taken. This, it would seem, was ample time for the defendants to have filed their answer before the case was called for trial. We are unable to see an abuse of discretion on the part of the trial court in so far as this ground of the motion is concerned.

The second ground of the motion is that the attorney for the plaintiff agreed that defendants should be permitted to file their answer as soon as the files could be located, but that the default judgment was taken in violation .of this agreement. All the evidence upon this point is contained in certain letters exchanged by Mr. Reynolds, attorney for plaintiff, and Mr. Ditmon, attorney for the defendants. The first of these letters, exhibit "1," was written by Mr. Ditmon to Mr. Reynolds, and it contains the following statement:

"You told me it would be impossible to have a trial of the cause until sometime in January, and I assure you that we are and will be ready for trial upon ten days' notice, and will have our answers in court."

Mr. Reynolds replied to this letter, and in the reply made the following statement:

"I would not desire to have the case set for trial without knowing what facts you were going to allege in your answer. In order to avoid additional cost necessarily incidental to an attachment, you must prepare and file your answer immediately. You could not expect me to go blindly to trial of a case without any notice as to the facts which you were relying upon. It may be that I would want to demur to your answer. For this reason it seems to be advisable that the issues be made up in the usual manner."

This letter was written on December 22nd, three weeks before the default judgment was taken. The plaintiff, in this letter, insisted that the answer be filed immediately. There is nothing whatever in this correspondence to indicate that the attorney for the plaintiff ever agreed to any extension of time for the defendants to plead, and we cannot see how the court could have held otherwise than that the second ground of the motion was not established by the evidence.

The third ground for setting aside the judgment, as contained in the motion is that the de.endants have a good and valid defense. To the motion is attached an answer which defendants tender. This answer is, in effect, a general denial. In Lindsey v. Goodman, 57 Okla. 408, 157 Pac 344, it was held:

"A general denial contained in a proffered answer attached as an exhibit to a motion to set aside a judgment is not sufficient to warrant a vacation of the judgment."

Thus, by the authority of the case above quoted from, the answer attached as an exhibit to the motion here under consideration was not sufficient to warrant the vacation of the default judgment. Granting however, for the purpose of discussion, that it was a sufficient answer, still, it would ,seem that the matter of vacating the judgment and allowing the answer to be filed was a matter within the discretion of the court; and, where it appears, as in this case, that the defendants' attorney had the court files in his possession a month before the default judgment was taken, and where three weeks before such judgment was taken the plaintiff's attorney, in a letter to attorney for defendants, insisted that the answer be filed so the plaintiff could be advised as to the defense to be tendered, and notwithstanding all this the de.endants failed to file answer or other pleading in the case, an order of the court overruling the motion and refusing to allow the answer to be filed cannot be said to be an abuse of the court's discretion. Attached to the motion to vacate there is also a cross-petition, or "cross-com-

plaint" of John Gunter, against plaintiff, wherein the cross-petitioner seeks the recovery of a money judgment against plaintiff. We are unable to see how the existence of a good and valid cross-action in favor of one defendant against the plaintiff, could constitute a ground for vacating the judgment. An overruling of the motion did not destroy the defendant Gunter's right of action against the plaintiff, if any he had; and there was nothing to prevent him from prosecuting his right of action in a separate suit.

After an examination of all the grounds alleged in the motion to vacate the default judgment, we are of the opinion that the court was guilty of no abuse of discretion in overruling the motion.

But the defendant John Gunter contends that the judgment was void as to him, and should have been vacated for that reason. At the time of the filing of the motion to vacate, the judgment as to Gunter was undoubtedly void, because he had never been legally served or otherwise brought within the jurisdiction of the court. The plaintiff admits this. And had he chosen to do so, Gunter might have ignored the judgment entirely. No steps to set it aside were necessary, and when the plaintiff attempted to enforce it he might have assailed it directly or collaterally. But it will be noted that the defendant Gunter joined with the other defendants in filing the motion to vacate. The motion to vacate was based upon purely nonjurisdictional grounds. The motion in no manner challenges the jurisdiction of the court over the person of the defendant Gunter. In Foster v. Cimarron Valley Bank, 14 Okla. 24, 76 Pac. 145, the court held that where a default judgment was void for want of jurisdiction of the person, it should be set aside on motion, defendant making a special appearance for that purpose only. That is to say, only a jurisdictional question could be raised by a defendant seeking to have a default judgment vacated on account of lack of jurisdiction of the person. It is a well-established rule in this jurisdiction that where one against whom a judgment has been rendered, which is void for lack of jurisdiction, files a motion to vacate the judgment based upon nonjurisdictional grounds, he thereby enters his general appearance as if said appearance had been made at or before the trial, and waives the jurisdictional defect. In Ziska v. Avey, 36 Okla. 405, 122 Pac. 722, this court said:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial."

If the rule above announced is applicable where jurisdictional and nonjurisdictional grounds are alleged, so much the more is it true where the only grounds relied upon are nonjurisdictional. The defendant Gunter alleged that he had a good defense, and tendered an answer and cross-petition. If the motion had been sustained, the court would then have ordered the answer filed, and this certainly would have been an entry of defendant Gunter's appearance; and it seems to us that a tender of the answer would have the same effect as the filing of it in so far as the appearance of this defendant was concerned. We therefore conclude, that when the defendant Gunter filed a motion to vacate the judgment, in no manner attacking the jurisdiction of the court over his person, and alleging only nonjurisdictional grounds, he thereby entered his general appearance as fully and completely as if he had been duly and legally served with summons at the beginning of the action, and waived the jurisdictional defect.

Finally, defendant Givens contends that the judgment against him is void for the reason that he was acting as administrator and not in an individual capacity. This contention is untenable. He signed the replevin bond as an individual. The bond, being a written instrument, was sufficient compliance with the section of our statute of frauds, which provides that no administrator is chargeable upon any special promise to answer damages or to pay the debts of the intestate out of his own estate, unless the agreement be in writing. The administrator, having signed the bond in his individual capacity, was bound personally thereon.

After a careful examination of the record we conclude that there is no error justifying a reversal of the judgment. The trial court properly exercised the discretion reposed in him when he overruled the motion to vacate the default judgment.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 840, § 2825; 15 R. C. L. 720; 3 R. C. L. Supp. p. 489; 5 R. C. L. Supp. p. 848. (2) 34 C. J. p. 342, § 554. (3) 4 C. J. p. 1342, §33; 2 R. C. L. 332; 1 R. C. L. Supp. p. 505. (4) 34 C. J. p. 406, § 645.