**STATE ex rel. TANKERSLEY, County Atty., et al. v. DISTRICT COURT et al.**

No. 25111.    June 12, 1934.

Clarence Tankersley, County Atty., and John Embry, for petitioners.

I. C. Saunders, A. B. Shuttee, J. Knox Byrum and Goode, Dierke & Goode, for respondents.

WELCH, J.    Original action for writ of prohibition.

This action involves a proceeding before the county treasurer on complaint of the tax ferret under section 12346, O. S. 1931. The tax ferret presented to the county treasurer his notice and statement of complaint, asserting, in substance, that a certain taxpayer owned property in prior years which was omitted from the tax rolls. Thereupon the county treasurer issued his notice to the taxpayer, fixing a time for the hearing of said matter. Thereupon, and before the date of hearing, the taxpayer applied to the district court of the Tenth judicial dis-

trict for injunction or a writ of prohibition against the treasurer. Said district court issued an alternative writ of prohibition, and upon return thereof and trial of the matter, announced that time would be allowed for an application to this court for a writ prohibiting him from acting in said matter, and if not prohibited by this court from acting in said matter, the district court of the Tenth judicial district would, by permanent writ of prohibition, prohibit the county treasurer of Pottawatomie county from acting further in the matter of hearing the question presented to the treasurer by the tax ferret, and in the matter of assessing omitted property against the taxpayer.

The whole question is as to the sufficiency of the notice or complaint presented to the treasurer by the tax ferret. That document does not state the information upon which the tax ferret bases his action, nor the method or means of obtaining his information, nor does it state in any detail the proof held by the tax ferret or which he may present in support of his contention that the taxpayer owned property in prior years omitted from the tax rolls. The taxpayer vigorously contends that he assessed all of his property for the prior years in question, and that the tax ferret has no information or proof to support his case before the county treasurer, and that there are no facts and is no evidence that would justify the county treasurer in making any assessment of omitted property against the taxpayer.

This is the identical question to be heard and determined in the first instance by the county treasurer under section 12346, O. S. 1931. If the taxpayer has listed all of his property and paid his taxes as he contends, or if the proof presented to the treasurer does not show omitted property as defined by statute, then the county treasurer should not, and we assume would not, reach any conclusion adverse to the taxpayer. If the taxpayer should be aggrieved by any adverse conclusion reached by the treasurer, specific provision is made for an appeal to the county court, section 12346, O. S. 1931, and to this court, section 12348, O. S. 1931. This does not mean, however, that the taxpayer may try this question of fact in the district court upon application for prohibition.

In the orderly and authorized manner the matter should first be heard and acted upon by the county treasurer. If either party desires to appeal therefrom to the court,

the matter may then be tried by the proper trial court, and may then come to this court on appeal for proper and orderly final judgment. If there was property owned by the taxpayer and omitted from the tax rolls, it should be assessed. If no such property, then no such assessment should be made. Any controversy as to such matters should be presented and determined in the orderly manner provided by statute, with ample provisions for appeals. There is no occasion in such case for interfering, by prohibition, with the county treasurer in the discharge of his duties under the statute.

The record of proceedings in the district court in the instant case shows that much evidence was presented in behalf of the taxpayer apparently upon the theory that he could try this question of fact in his application to the district judge for a writ of prohibition against the county treasurer. Such handling of the matter is not authorized. When the district court of the Tenth judicial district assumed jurisdiction of the petition of the taxpayer for writ of prohibition against the county treasurer, and undertook to try and determine said matter, and when that court was about to prohibit the county treasurer from proceeding with the investigation and hearing on the matter presented to the treasurer by the tax ferret, that district court was exceeding its jurisdiction and authority and was about to make an application of judicial force and power not authorized in view of the law relative to the duties of the county treasurer in such matters. Payne, County Treas., v. Speakman, District Judge, 96 Okla. 170, 221 P. 9; State ex rel. Boatman, Co. Atty., v. District Court of Okmulgee County, 122 Okla. 69, 250 P. 1023; State ex rel. Boatman, Co. Atty., v. District Court of Okmulgee County, 122 Okla. 70, 250 P. 1024.

Upon those authorities it is ordered that writ of prohibition issue; that the district court of the Tenth judicial district of Oklahoma be prohibited from proceeding further in the matter of the application of the taxpayer to the said district court for a writ of prohibition against the county treasurer of Pottawatomie county, Okla., and the tax ferret of said county, except that the said district court may proceed further in such action only to the extent of vacating any order or writ therein made or issued to the said county treasurer or tax ferret.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.