## PINE v. SUPERIOR COURT OF SEMINOLE COUNTY et al.

No. 25409. Nov. 20, 1934.

Rehearing Denied Jan. 14, 1935.

Second Petition for Rehearing Denied Jan. 29, 1935.

C. B. McCrory, for petitioner.

Greer & Banta, for defendants.

WELCH, J. This is an original action by W. B. Pine, as petitioner, seeking a writ of prohibition against the superior court of Seminole county, Okla., and C. Guy Cutlip, judge of said court.

Petitioner seeks to prohibit such court from proceeding further in cause No. 1759, pending in that court, entitled "Bud Gordan and Mary Gordan, Plaintiffs, v. Snowden & McSweeney Company, a Corporation, and W. B. Pine, Defendants." It is the theory of W. B. Pine, petitioner here, that such superior court is without jurisdiction to proceed in that action as against him, since he is a resident of, and was served with summons in Okmulgee county.

Cause No. 1759 was instituted in the superior court of Seminole county to recover for damage to real estate which resulted when the defendants jointly permitted salt water from oil and gas wells to overflow the lands of plaintiffs. It is not disputed that the Snowden & McSweeney corporation could be properly sued in Seminole county; that defendant was properly served with summons, and a summons was issued and served upon W. B. Pine in Okmulgee county. The cause has not yet been tried. Before answer day the Snowden & McSweeney corporation, defendant, made settlement and payment of the damage caused by their participation in the wrong complained of. The payment was a substantial one, and was received and acknowledged by plaintiffs.

It is not here contended that such settlement was otherwise than bona fide and in good faith. Nor is it now contended that the action in the first instance was wrongfully brought against the defendants jointly in Seminole county. But the petitioner, W. B. Pine, here contends that the settlement with the other defendant must operate to deprive the court of Seminole county of jurisdiction to try the controversy as to him, a resident of another county.

It is true, as stated in petitioner's authorities, that one has the right to be sued and to defend in his own county, unless the circumstances authorize him to be sued in another county. Foster v. Bank, 14 Okla. 24, 76 P. 145; Fisher v. Fiske, 96 Okla. 36, 219 P. 683; Grady v. Rice, 98 Okla. 166, 224 P. 321.

It is also true that under proper circumstances one may be sued, or joined as a defendant in another county. That is made clear in the three cases cited in the preceding paragraph.

Section 167, O. S. 1931, provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

This action was "rightly brought" against

both defendants as joint tort-feasors. There actually existed in fact a cause of action against both defendants. The petition stated a cause of action against both defendants, and they were joined in all good faith. The contrary is not contended.

The petitioner, W. B. Pine, cites authorities to the general effect that when upon trial the plaintiff's cause fails as against the only resident defendant, or the plaintiff dismisses as to the only defendant resident of the county, that in such event the right to proceed there against a nonresident defendant does not exist. However, those decisions rest upon the theory that in the first instance no right in fact existed to sue in the particular county and join a resident of another county, which lack of right in the first instance was subsequently ascertained in fact, or conclusively demonstrated by act of the plaintiff. See Oklahoma State Bank v. Reed, 121 Okla. 103, 247 P. 402; Dunn v. Haines, 17 Neb. 560, 23 N. W. 501; Cobbey v. Wright (Neb.) 36 N. W. 505; Gorey v. Black (Ohio) 125 N. E. 130,; and the quotation in petitioner's brief from 6 Current Dig. 1931 (Venue 22 [3] p. 1675), quoting Metcalf v. Hale (Ga. App.) 156 S. E. 301:

"Court has no jurisdiction of nonresident defendant unless resident codefendant is liable in action. Voluntary dismissal of petition as to resident defendant admitted such defendant was not liable, requiring dismissal of petition against nonresident defendant."

In cause No. 1759 in Seminole county there was no dismissal admitting lack of liability of the other defendant, nor was there in fact any lack of liability on the part of that other defendant, the Snowden & McSweeney corporation. There was a liability in actual fact and by proper allegation of the petition. The good faith settlement of that liability for a substantial sum prior to trial in no wise indicates that the action was not "rightly brought" in the first instance in Seminole county against both defendants.

We are cited to no parallel case, nor any authority that such settlement would defeat the court of Seminole county of jurisdiction to proceed and require the plaintiff to dismiss his action in Seminole county and start a new action in Okmulgee county against defendant Pine. The fact that beyond question the action was "rightly brought" in Seminole county in the first instance argues convincingly that such jurisdiction should continue.

It is a general rule that jurisdiction of the subject-matter and of the person of the defendant, once acquired, is not defeated or divested by subsequent events. 15 C. J. 822.

To adopt petitioner's theory in this cause would unnecessarily discourage bona fide settlements of controversies by agreement between the parties, and in our opinion the adoption of such theory is unwarranted by the proper construction of section 167, O. S. 1931, supra. Our consideration of that section leads us to the conclusion that in cases where the suit is rightly brought in any county, other defendants may be brought into the suit irrespective of the county of their residence. This suit having been brought rightly in Seminole county, the fact that the plaintiffs and the resident defendant entered into a bona fide settlement agreement does not change or alter the properly acquired jurisdiction of the court, nor does such settlement as is shown here tend in any manner to contradict the assumption that Snowden & McSweeney Company were proper parties defendant when plaintiffs brought the suit and procured summons to be served upon both of the defendants.

It is mentioned that in said cause No. 1759 the defendant, Pine, filed motion attacking the service on him, both before as well as after the settlement with the other defendant, and that exception was likewise saved to the overruling of his first motion. It does not appear that there was any error in that ruling, but it is not necessary in this action to finally pass upon all alleged errors of the trial court. We must not seek occasion to substitute prohibition for a review of the actions of a trial court by appeal, nor do we here pass upon the effect, if any, that the settlement with the other defendant would or might have upon the liability of the defendant, W. B. Pine. In this action for prohibition we are only concerned with the alleged lack of jurisdiction of the trial court. If the foregoing or any other question is presented to the trial court, and the ruling thereon is to be urged as error, the same may be considered by this court on appeal, but not upon application for writ of prohibition. Such a writ is not proper where mere error of the trial court is urged.

Prohibition will only lie where the lower tribunal is without jurisdiction or is about to make an unauthorized use of judicial force or power. State ex rel. Haskell v. Huston, 21 Okla. 782, 97 P. 982; Kincannon v. Pugh, 114 Okla. 90, 243 P. 945; O'Brien v. Gassoway, 125 Okla. 97, 256 P. 929; State ex rel. Cameron v. Jones, 165 Okla.

193, 25 P. (2d) 648; State ex rel. Tankersley v. District Court, 168 Okla. 426, 33 P. (2d) 632.

We observe here no lack of jurisdiction on the part of the superior court of Seminole county, and the writ of prohibition is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. ANDREWS, BAYLESS, and BUSBY, JJ., absent.