GRAFF et al. v. PONCA CITY BLDG. & LOAN CO.

No. 32120. March 26, 1946.

*168 P. 2d 108.*

210

F. E. Riddle, of Tulsa, for plaintiff in error.

Oron S. Ellifrit, of Ponca City, and Eugene Rust and Green & Farmer, all of Tulsa, for defendant in error.

BAYLESS, J. Maud E. Graff, individually and as administratrix of the estate of Bennett Graff, deceased, her former husband, appeals from a judgment of the district court of Tulsa county in favor of Ponca City Building & Loan Association, a corporation, based on the verdict of a jury.

This appeal is from a retrial, with some alteration in the issues, of the action involved in Ponca City Building & Loan Association v. Graff, 189 Okla. 410, 117 P. 2d 514. The alteration in the issues requires some statement herein of the issues. In 1928, the Graffs borrowed money from the Corporation, and in 1931, a renewal note and a continuation of the mortgage lien were taken by Corporation. In 1932, Graffs sold the property involved to Boring. In the same year Corporation filed action to foreclose the renewal note and the mortgage, and obtained judgment, and sold the property and received a sheriff's deed therefor. They went into possession in 1933, and have been in possession since. Maud E. Graff filed a petition to vacate that judgment, and being successful, she set up defenses to the amended petition filed by Corporation and in addition cross-petitioned for damages. The trial of the action resulted in judgment in favor of the Graffs for damages. However, this judgment was reversed on appeal as before mentioned.

In our previous opinion, it was explicitly held therein, (1) that Maud E. Graff renewed the first note given, and (2) Corporation was a mortgagee in possession. Nevertheless, on remand the trial court permitted Maud E. Graff to amend her pleading (1) to deny that she executed the renewal note and to assert that her purported signature thereon was a forgery, and (2) to deny that Corporation was a mortgagee in possession by virtue of the sheriff's deed but was in possession under a deed from Boring, whose title in turn was based on a deed fraudulently obtained from her by Boring and Corporation's agent.

Graff's first contention is that Corporation was not a mortgagee in possession, but was in possession under a fraudulent deed, constituting an independent title. As stated before, the nature of Corporation's possession was discussed and adjudged in the former appeal. Corporation does not complain of the ruling of the trial court in permitting a new issue to be made on this and to a retrial of it. The evidence on this point was extremely flimsy, so much so that the trial court did not submit an instruction on the issue in order to permit the jury to decide the issue. Instead, the trial court instructed the jury, in effect, that Corporation was a mortgagee in possession, and in so doing was correct. The evidence of Graff designed to show that Boring defrauded her of her title with the help of Corporation's agent and conveyed title to Corporation in satisfaction of the mortgage debt or to establish a new and independent title in Corporation failed utterly. The pleadings herein show that at all times Corporation has been trying to foreclose its mortgage, not only against Graffs, but Boring. This negatives the notion that Corporation had merged its lien with any title it received from Boring, and there was no deed from Boring to Corporation produced in evidence. In this connection, Graff urges that her allegations of conspiracy in her fourth amended answer and cross-petition were not denied by Corporation and therefore stand admitted, so that there could not be a failure on this issue on her part. She urges that the general denial by Corporation of all material allegations "which are at variance with or which

contradict the allegations of plaintiff's petition" was not sufficient to reach her allegations of conspiracy between Corporation and Boring in the deal whereby Boring obtained the deed from her, but only had the effect of raising an issue on whether Corporation went into possession as mortgagee or as owner under the deed. She says this is true because conspiracy and fraud alleged in her fourth amended answer and cross-petition do not relate by name or reference to anything alleged in Corporation's petition. The effect of the petition on which this action was tried was to say that Corporation rightfully went into possession as mortgagee and not otherwise, whereas the effect of the fourth amended answer and cross-petition was to vary or contradict this by asserting that Corporation went into possession under claim of title resting on conveyances obtained by conspiracy and fraud. The general denial is sufficient to raise an issue on this.

It is next contended that the statute of limitations barred the cause of action set out in Corporation's amended petition. This is not true. The statute of limitations does not run against a mortgagee in possession. Neel v. First Federal Saving & Loan Association, 194 Okla. 133, 147 P. 2d 440, and other authorities. Secondly, the entry of Maud E. Graff's appearance by the filing of her petition to vacate and her various answers and cross-petitions (Bennett Graff was served personally with summons), Givens v. Anderson, 119 Okla. 212, 249 P. 339, brought her into the action long before the statutory period ran. In addition, the statute of limitations does not run so long as the defendant has and asserts a counterclaim. 12 O. S. 1941 § 273, as construed in Nellis v. Minton, 91 Okla. 75, 216 P. 147, Tiger v. Sellers (C. C. A.) 145 Fed. 2d 920, and Willis v. Red, 194 Okla. 432, 152 P. 2d 690. Nellis v. Minton, supra, clearly sets out a set of facts analogous to those herein which the relative positions of the parties, as plaintiffs and defendants, vary with the type of pleading and relief sought.

The third contention, that the overwhelming weight of the evidence shows that Maud E. Graff did not execute the renewal note, is without merit. There was ample evidence on her behalf to justify the jury finding that her signature was forged, and certainly enough evidence to the contrary to support the finding that she did execute it. The issue was submitted to the jury on proper instructions (no complaint being made against their technical correctness) and the jury resolved the issue against her, and this is final.

The last contention is that no allowance was made Graffs with respect to damage to the building by termites and Corporation's failure to control this. This issue was supported by her evidence, was properly submitted to the jury, and the form of verdict used by the jury provided for a judgment for Corporation less any credits for "all payments, credits, and damages of every character." Corporation sought, including interest and attorneys' fees, more than $12,000, and Graff's cross-petition for overpayments and damages totaled $22,966. The jury's verdict in favor of Corporation for $10,800, a sum less than that sought by Corporation, must contain some allowances for Graff's counterclaim. The jury's verdict on the evidence is conclusive.

The judgment appealed from is affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.